1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE,<br>CDCR # AD-6237,<br><br>                                   Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEP'T;<br>CITY OF SAN DIEGO; WILLIAM B.<br>KOLENDER; BILL GORE<br><br>                                   Defendants. | Civil No.    11-0083 IEG (WVG)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[Doc. No. 4]; AND**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

On January 14, 2011, Plaintiff, a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.    MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is

granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.      SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

/ / /

1    Plaintiff's Complaint, while unclear, appears to allege that he was denied adequate

2  medical treatment while he was housed under the custody of the San Diego County Sheriff's

3  Department.  It is unclear whether Plaintiff was a pre-trial detainee at the time, or whether he

4  was serving a sentence following a criminal conviction.  However, the Ninth Circuit has noted

5  that while different constitutional provisions may apply depending on whether a plaintiff's claim

6  arise before or after conviction, a "pretrial detainees' rights under the Fourteenth Amendment

7  are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same

8  standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998); *but cf. Gibson v. County*

9  *of Washoe*, 290 F.3d 1175, 1188 n.10 (9th Cir. 2002) (noting that while the Court generally looks

10  to Eighth Amendment cases when reviewing conditions of confinement claims raised by pretrial

11  detainees under the Fourteenth Amendment, "[i]t is quite possible ... that the protections

12  provided pretrial detainees by the Fourteenth Amendment in some instances exceed those

13  provided convicted prisoners by the Eighth Amendment."); *see also Lolli v. County of Orange*,

14  351 F.3d 410, 419 n.6 (9th Cir. 2003) (quoting *Gibson*, 290 F.3d at 1188 n.10).

15    In order to assert a claim for inadequate medical care, Plaintiff must allege facts which

16  are sufficient to show that each person sued  was "deliberately indifferent to his serious medical

17  needs."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106

18  (1976).  Officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs;

19  neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical

20  malpractice constitutes a constitutional violation.  *Estelle*, 429 U.S. at 105-06.

21    Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an

22  objectively "serious" medical need, *i.e.,* one that a reasonable doctor would think worthy of

23  comment, one which significantly affects his daily activities, or one which is chronic and

24  accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);

25  and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual

26  Defendant.  *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

27    Plaintiff's Complaint fails to allege facts sufficient to rise to the level of a constitutional

28  violation.  Plaintiff both does not describe the "serious" nature of his medical need nor does he

1  identify with any specificity how any individual Defendant knew of his "serious" physical

2  limitations, yet deliberately disregarded his need for certain medication. *See Estelle*, 429 U.S.

3  at 105-06. Thus, Plaintiff's cruel and unusual punishment claims must dismissed for failing to

4  state a claim upon which relief can be granted.

5        In addition, Plaintiff names San Diego County Sheriffs Kolender and Gore as parties but

6  fails to assert any specific factual allegations pertaining to either of these Defendants. There is

7  no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433,

8  1437-38 (9th Cir. 1993). Instead, "[t]he inquiry into causation must be individualized and focus

9  on the duties and responsibilities of each individual defendant whose acts or omissions are

10 alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th

11 Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order to avoid the

12 respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which

13 have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*,

14 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

15       Supervisory officials may only be held liable for the allegedly unconstitutional violations

16 of a subordinate if Plaintiff sets forth allegations which show:  (1) how or to what extent they

17 personally participated in or directed a subordinate's actions, and (2) in either acting or failing

18 to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional

19 rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however,

20 Plaintiff's Complaint fails to set forth facts which might be liberally construed to support an

21 individualized constitutional claim against either Defendant Gore or Kolender.

22       Plaintiff also names the San Diego County Sheriff's Department as a Defendant in this

23 matter.  However, an agency or department of a municipal entity is not a proper defendant under

24 § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996).  Rather, the

25 County itself is the proper defendant. *See id.*  "[A] municipality cannot be held liable solely

26 because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under

27 § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S.

28 658, 691 (1978).

1    Finally, to the extent Plaintiff has named the City of San Diego as a Defendant, a
2  municipality may be liable under § 1983 for monetary, declaratory, or injunctive relief where a
3  constitutional deprivation was caused by the implementation or execution of "a policy statement,
4  ordinance, regulation, or decision officially adopted and promulgated by that body's officers."
5  *Monell*, 436 U.S. at 690; *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403
6  (1997) ("[A] plaintiff must show that the municipal action was taken with the requisite degree
7  of culpability and must demonstrate a direct causal link between the municipal action and the
8  deprivation of federal rights."); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).

9    Thus, to plead liability on behalf of the City, Plaintiff must allege:  (1) he was deprived
10  of a constitutional right; (2) the City had a policy; (3) the policy amounted to deliberate
11  indifference to plaintiff's constitutional right; and (4) the policy was the "moving force behind
12  the constitutional violation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996);
13  *Brown*, 520 U.S. at 404; *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Put another way,
14  in order to state a § 1983 claim against the City of San Diego, Plaintiff must allege facts showing
15  that his injury was caused by individual county officers whose conduct both violated the
16  constitution and conformed to an official city policy, custom or practice.  *See Karim-Panahi v.*
17  *Los Angeles Police Dept.*, 839 F.2d 621, 624 (9th Cir. 1988).  All these things he has failed to
18  do.

19    For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua
20  sponte for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C.
21  §§ 1915(e)(2)(B) and 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

22  **III.   CONCLUSION AND ORDER**

23    Good cause appearing, **IT IS HEREBY ORDERED** that:

24    1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4]
25  is **GRANTED**.

26    2.    The Secretary of California Department of Corrections and Rehabilitation, or his
27  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
28  owed in this case by collecting monthly payments from the account in an amount equal to twenty

1   percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

2   each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

3   ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

4   ASSIGNED TO THIS ACTION.

5        3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

6   Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

7   Sacramento, California 95814.

8        **IT IS FURTHER ORDERED** that:

9        4.      Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

10  upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

11       5.      Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed

12  in which to file a First Amended Complaint which cures all the deficiencies of pleading noted

13  above.  Plaintiff's Amended Complaint must be complete in itself without reference to his

14  original Complaint.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-

15  alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,

16  567 (9th Cir. 1987).  If Plaintiff fails to file an Amended Complaint within 45 days, this action

17  shall remain dismissed without further Order by the Court.

18  **DATED:  March 1, 2011**

19

20  **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

21

22

23

24

25

26

27

28