# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE,<br>CDCR # AD-6237,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEP'T,<br>et al.<br><br>                            Defendants. | Civil No.   11-0083 IEG (WVG)<br><br>**ORDER:**<br><br>**(1) DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER [ECF Nos. 8, 10, 16, 20];**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 14];**<br><br>**(3) DENYING MOTIONS FOR REQUEST OF WAIVER OF RULES; RELIEF FROM JUDGMENT AND FOR PERMISSION OF REMOVAL OF EXHIBITS [ECF Nos. 12-15]; and**<br><br>**(4) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I. PROCEDURAL HISTORY

On January 14, 2011, Plaintiff, a state inmate currently incarcerated at the California State

Prison located in Lancaster, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In his original Complaint, Plaintiff alleges that his constitutional rights were violated when he was housed in the San Diego Central Jail.  In addition, Plaintiff filed a Motion to Proceed *In Forma* Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a).  The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See* Mar. 1, 2011 Order at 5-6.  Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court.  *Id.*  Plaintiff filed his First Amended Complaint on April 8, 2011.  In addition, Plaintiff has filed a number of miscellaneous motions, along with four Motions for Temporary Restraining Order.

**II.      SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

**A.      Rule 8**

As a preliminary matter, the Court finds that Plaintiff's First Amended Complaint fails to comply with Rule 8.  Specifically, Rule 8 provides that in order to state a claim for relief in a pleading it must contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(1) & (2).  Plaintiff's First Amended Complaint is rambling and

nearly incomprehensible. If Plaintiff chooses to file an Amended Complaint, he must not only comply with Rule 8, he must abide by S.D. CIVLR 8.2(a) (providing that complaints by prisoners must use the court approved form and may attach no more than fifteen (15) additional pages.)

### B. Eighth Amendment claims

In Plaintiff's original Complaint, he alleges that he was denied adequate medical care by jail officials while he was housed under the custody of the San Diego County Sheriff's Department. Plaintiff, in filing a First Amended Complaint, appears to also claim that he was later convicted and denied adequate medical care by prison officials while housed at the Richard J. Donovan Correctional Facility ("RJD").

In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs; neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice constitutes a constitutional violation. *Estelle*, 429 U.S. at 105-06.

Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an objectively "serious" medical need, *i.e.,* one that a reasonable doctor would think worthy of comment, one which significantly affects his daily activities, or one which is chronic and accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual Defendant. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

Plaintiff's First Amended Complaint contains very few factual allegations and fails to identify any of the Defendants who are named in the caption in the body of the First Amended Complaint. Plaintiff does allege that he "suffers from a rare form of arthritis Ankylosing Spondylitis" for which he has not received adequate treatment. (FAC at 11.) However, once again, Plaintiff fails to identify with any specificity how any individual Defendants knew of his "serious" medical, yet deliberately disregarded his need for appropriate. *See Estelle*, 429 U.S. at 105-06. There are no facts related to any of the named fifty six (56) Defendants in the body

1 | of the First Amended Complaint.  Moreover, Plaintiff has not set forth which facts pertain to the
2 | time he was in the custody of the San Diego County Sheriff's Department and which facts relate
3 | to his next place of incarceration, the Richard J. Donovan Correctional Facility.

It further appears that Plaintiff has a disagreement with prison officials as to which medication is appropriate for his medical condition.  However, mere "difference of medical opinion" between a prisoner and his physicians concerning the appropriate course of treatment is "insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).  Instead, to allege deliberate indifference regarding choices between alternative courses of treatment, a prisoner must allege that the chosen course of treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [the prisoner's] health." *Id.* (citation omitted).  Plaintiff has failed to allege any facts from which the Court could find that Defendants acted with deliberate indifference to his serious medical needs.  Thus, Plaintiff's cruel and unusual punishment claims must dismissed for failing to state a claim upon which relief can be granted.

### C.     Respondeat Superior

In addition, Plaintiff names San Diego County Sheriffs Kolender and Gore as parties, along with Warden George Neotti but fails to assert any specific factual allegations pertaining to either of these Defendants.  There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual Defendant which have a direct causal connection to the constitutional violation at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Supervisory officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show:  (1) how or to what extent they

personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). As currently pleaded, however, Plaintiff's First Amended Complaint fails to set forth facts which might be liberally construed to support an individualized constitutional claim against Gore, Kolender or Neotti.

Plaintiff also names the San Diego County Sheriff's Department as a Defendant in this matter. However, an agency or department of a municipal entity is not a proper defendant under § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996). Rather, the County itself is the proper defendant. *See id.* "[A] municipality cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

**D.     Eleventh Amendment**

Finally, Plaintiff names the Richard J. Donovan Correctional Facility which is part of the California Department of Corrections and Rehabilitation as a Defendant. The State of California and the California Department of Corrections and Rehabilitation, as an agency of the State of California, are not "persons" subject to suit and are instead, entitled to absolute immunity from monetary damages actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department of corrections is not a "person" within the meaning of § 1983). In order to state a claim under § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983. Therefore, Plaintiff's claims for monetary damages against the State of California and R.J. Donovan Correctional Facility are dismissed with prejudice and without leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

/ / /

/ / /

For all these reasons, the Court finds that Plaintiff's First Amended Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages against an immune defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446 n.1.

### III. MOTIONS FOR TEMPORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTION

#### A. Legal Standard

In order to demonstrate the need for preliminary injunctive relief a party must show: "1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005). Where a party demonstrates that a public interest is involved, a "district court must also examine whether the public interest favors the plaintiff." *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).

#### B. Scope

In determining the scope of injunctive relief that interferes with the affairs of a state agency, the court must ensure, out of federalism concerns, that the injunction "heel[s] close to the identified violation," *Gilmore v. California*, 220 F.3d 987, 1005 (9th Cir. 2000) (citation omitted), is not overly "intrusive and unworkable ... [and] would [not] require for its enforcement the continuous supervision by the federal court over the conduct of [state officers]." *O'Shea*, 414 U.S. at 500, 501; *see also Armstrong v. Davis*, 275 F.3d 849, 872 (9th Cir. 2001).

As the Ninth Circuit has noted, these concerns have been codified in the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA). *See Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001) (PLRA "has not substantially changed the threshold findings and standards required to justify an injunction."). The PLRA requires that prospective injunctive relief against a state prison system be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." *Id.* at § 3626(a)(1); *Armstrong*, 275 F.3d at 872.

///

### C. Likelihood of Success on the Merits

Under the first test for a preliminary injunction, the moving party must demonstrate "high probability of success on the merits" of the case. *See Associated Gen. Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991). While Plaintiff's Motion is far from clear, it appears that he is seeking relief based on the alleged constitutional claims which the Court has already found to be deficient as set forth above. Thus, he cannot meet the threshold burden of a likelihood of success on the merits.

Accordingly, for all the above stated reasons, Plaintiff's Motions for Temporary Restraining Order and Injunctive Relief are **DENIED**.

Plaintiff has also filed a Motion that he entitles "Motion for Relief from Judgment or Order Rule 60(b)." [ECF No. 13]. In this Motion, Plaintiff does not appear to be seeking relief from a Court's Order or Judgment which is the purpose of FED.R.CIV.P. 60(b) but rather it appears to be a fifth Motion for Temporary Restraining Order. Thus, for all the above stated reasons, this Motion is **DENIED**.

### IV. MOTION FOR REQUEST OF WAIVER OF RULES

On April 4, 2011, Plaintiff filed a "Motion for Request of Waiver of Rules" [ECF No. 12]. It is not entirely clear what Plaintiff is seeking in this Motion. Plaintiff appears to indicate that he is having difficulty litigating this matter. Thus, the Court construes this as a request for appointment of counsel. The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court denies Plaintiff's request without prejudice, as neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

**V.   CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.   Plaintiff's Motions for Temporary Restraining Order [ECF No. 8, 10, 16, 20], Motion for Relief from Judgment [ECF No. 13], Motion to Appoint Counsel [ECF No. 14], Motion for Permission of Removal of Exhibits [ECF no. 15] and Motion for Request of Waiver of Rules [ECF No. 12] are **DENIED** without prejudice.

**IT IS FURTHER ORDERED that:**

2.   Plaintiff's First Amended Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted and for seeking monetary damages against an immune defendant. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

3.   Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is filed in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this action shall remain dismissed without further Order by the Court.

**DATED:  May 17, 2011**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge
United States District Court**