1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| DARRYL LEE DUNSMORE,<br>CDCR # AD-6237,<br><br>                          Plaintiff,<br><br><br>                          vs.<br><br><br><br>SAN DIEGO COUNTY SHERIFF'S DEP'T,<br>et al.<br><br><br>                          Defendants. | Civil No.    11-0083 IEG (WVG)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR<br>TEMPORARY RESTRAINING<br>ORDER [ECF No. 39];**<br><br>**(2) DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br>[ECF No. 28];**<br><br>**(3) DENYING MOTIONS FOR<br>RELIEF FROM JUDGMENT<br>PURSUANT TO FRCP 60(b) [ECF<br>Nos. 34, 37]; and**<br><br>**(4)  DISMISSING SECOND<br>AMENDED COMPLAINT<br>FOR FAILING TO STATE<br>A CLAIM PURSUANT TO<br>28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

## I.    PROCEDURAL HISTORY

On January 14, 2011, Plaintiff, a state inmate currently incarcerated at the California State

Prison located in Lancaster, California, and proceeding pro se, filed a civil rights Complaint

1  pursuant to 42 U.S.C. § 1983.  In his original Complaint, Plaintiff alleges that his constitutional

2  rights were violated when he was housed in the San Diego Central Jail.  In addition, Plaintiff

3  filed a Motion to Proceed *In Forma* Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a).  The Court

4  granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to

5  state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  *See* Mar. 1, 2011 Order at

6  5-6.   Plaintiff was granted leave to file an Amended Complaint in order to correct the

7  deficiencies of pleading identified by the Court.  *Id.*  Plaintiff filed his First Amended Complaint

8  on April 8, 2011.  Plaintiff also filed a number of miscellaneous motions, along with four

9  Motions for Temporary Restraining Order.

10       The Court, once again, screened Plaintiff's First Amended Complaint and ruled on all

11  pending motions.  *See* May 17, 2011 Order at 1-8.  The Court took note of the fact that Plaintiff

12  was adding new claims pertaining to allegations arising from the time Plaintiff was incarcerated

13  at the Richard J. Donovan Correctional Facility ("Donovan").  *Id.* at 3.  The Court denied

14  Plaintiff's Motion for Appointment of Counsel, denied his Motions for a Temporary Restraining

15  Order and dismissed his First Amended Complaint for failing to state a claim upon which § 1983

16  relief could be granted.  *Id.* at 8.  Plaintiff, once again,  was granted leave to file an Amended

17  Complaint in order to correct the deficiencies of pleading identified by the Court.  *Id.*

18       On August 2, 2011, Plaintiff filed his Second Amended Complaint ("SAC"), along with

19  a renewed Motion for Appointment of Counsel.  Plaintiff has also filed a renewed Motion for

20  Temporary Restraining Order, along with two Motions for Relief from Judgment pursuant to

21  Fed.R.Civ.P.  60(b).

22  **II.      SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

23       As stated in the Court's previous Order, the Prison Litigation Reform Act ("PLRA")'s

24  amendments to 28 U.S.C. § 1915 obligates the Court to review complaints filed by all persons

25  proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility

26  [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

27  terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

28  practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these

1   provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP

2   complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which

3   seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

4   *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v.*

5   *Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

6        **A.    Eighth Amendment[1] claims**

7        The basis of Plaintiff's Second Amended Complaint is his allegation that jail officials and

8   prison officials failed to timely provide him with medication he claims was necessary to treat

9   his "arthritis anklylosing spondylitis."  (*See* SAC at 3-4.)  Plaintiff claims that he had

10  prescriptions by jail and prison doctors ordering that he receive "enbrel injections" once a week.

11  (*Id.*)  However, Plaintiff claims that there was often a one (1) to three (3) day delay in receiving

12  his injections.  (*Id.*)

13       In order to assert a claim for inadequate medical care, Plaintiff must allege facts which

14  are sufficient to show that each person sued was "deliberately indifferent to his serious medical

15  needs."  *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106

16  (1976).  Officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs;

17  neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical

18  malpractice constitutes a constitutional violation.  *Estelle*, 429 U.S. at 105-06.

19       Thus, to state a claim, Plaintiff must allege facts sufficient to show both: (1) an

20  objectively "serious" medical need, *i.e.,* one that a reasonable doctor would think worthy of

21

22       [1] It appears for a portion of Plaintiff's Second Amended Complaint he may have been a pre-trial
23  detainee rather than a prisoner.  Thus, for a portion of the allegations, the Eighth Amendment may not
    apply to him.  *Bell v Wolfish*, 441 U.S. 520, 535 n.16 (1979) ("Eighth Amendment scrutiny is
24  appropriate only after the State has complied with the constitutional guarantees traditionally associated
    with criminal prosecutions. . . . [and] the State does not acquire the power to punish with which the
    Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance
25  with due process of law.").  However, Plaintiff clearly alleges factual allegations arising after he was
    convicted and for those time periods the Eighth Amendment is clearly applicable.  Regardless, "the due
26  process clause imposes, *at a minimum*, the same duty the Eighth Amendment imposes: 'persons in
    custody ha(ve) the established right not to have officials remain deliberately indifferent'" to their needs.
27  *Gibson*, 290 F.3d at 1187 (quoting *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)); *Lolli v. County
    of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003).  The Court will therefore look to Eighth Amendment
28  standards to determine the minimum level of protection afforded Plaintiff for all of his claims of
    inadequate medical care.

1  comment, one which significantly affects his daily activities, or one which is chronic and
2  accompanied by substantial pain, *see Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994);
3  and (2) a subjective, and "sufficiently culpable" state of mind on the part of each individual
4  Defendant.  *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

5       Here, the chief allegation by Plaintiff is that prison and jail officials had a "pattern of
6  negligence" that caused a one to three day delay in receiving his medication.  (*See* SAC at 3.)
7  First, inadequate treatment due to malpractice, or even gross negligence, does not amount to a
8  constitutional violation.  *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334
9  (9th Cir. 1990).  Second, to the extent that Plaintiff alleges there was a delay in treatment, there
10  are no facts in the Second Amended Complaint  from which the Court can determine whether
11  he has suffered any injury as a result of the Defendants alleged delay in providing treatment.
12  *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a
13  prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.")
14   Thus, Plaintiff's cruel and unusual punishment claims must dismissed for failing to state a claim
15  upon which relief can be granted.

16       **B.    Respondeat Superior**

17       In addition, Plaintiff names San Diego County Sheriffs Kolender and Gore as parties,
18  along with Warden George Neotti but fails to assert any specific factual allegations pertaining
19  to either of these Defendants.  There is no respondeat superior liability under 42 U.S.C. § 1983.
20  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993).  Instead, "[t]he inquiry into
21  causation must be individualized and focus on the duties and responsibilities of each individual
22  defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer
23  v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71
24  (1976)).  In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each
25  individual Defendant which have a direct causal connection to the constitutional violation at
26  issue.  *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040,
27  1045 (9th Cir. 1989).
28  / / /

4

11cv0083 IEG (WVG)

1   Supervisory officials may only be held liable for the allegedly unconstitutional violations

2   of a subordinate if Plaintiff sets forth allegations which show:  (1) how or to what extent they

3   personally participated in or directed a subordinate's actions, and (2) in either acting or failing

4   to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional

5   rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded, however,

6   Plaintiff's Second Amended Complaint fails to set forth facts which might be liberally construed

7   to support an individualized constitutional claim against Gore, Kolender or Neotti.

8   Plaintiff also names the San Diego County Sheriff's Department as a Defendant in this

9   matter.  However, an agency or department of a municipal entity is not a proper defendant under

10  § 1983.  *Vance v. County of Santa Clara*, 928 F.Supp. 993, 996 (N.D. Cal. 1996).  Rather, the

11  County itself is the proper defendant.  *See id.*  "[A] municipality cannot be held liable solely

12  because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under

13  § 1983 on a respondeat superior theory."  *Monell v. Department of Social Services*, 436 U.S.

14  658, 691 (1978).

15  **C.    Retaliation**

16  While not entirely clear, Plaintiff does assert some allegations that appear to be an attempt

17  to state a retaliation claim.  In order to properly allege a retaliation claim, Plaintiff must allege

18  facts sufficient to show that:  (1) he was retaliated against for exercising his constitutional rights,

19  (2) the alleged retaliatory action "does not advance legitimate penological goals, such as

20  preserving institutional order and discipline," *Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.

21  1994) (per curiam), and (3) the defendants' actions harmed him.[2]  *See Rhodes v. Robinson*, 380

22  F.3d 1183, 1131 (9th Cir. 2004) ("Our cases, in short, are clear that any retribution visited upon

23  a prisoner due to his decision to engage in protected conduct is sufficient to ground a claim of

24  unlawful First Amendment retaliation--whether such detriment "chills" the plaintiff's exercise

25

26  [2]  "[A] retaliation claim may assert an injury *no more tangible* than a chilling effect on First
    Amendment rights."  *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001) (emphasis original).
27  "Without alleging a chilling effect, a retaliation claim without allegation of other harm is not
    actionable."  *Id.*  Thus, while many plaintiffs alleging retaliation can show harm by pointing to the
28  "chilling effect" such acts may have had on the exercise of their First Amendment rights, "harms
    entirely independent from a chilling effect can ground retaliation claims."  *Rhodes*, 380 F.3d at 1131.

1   of his First Amendment rights or not."); *see also Resnick*, 213 F.3d at 449; *Hines v. Gomez*, 108

2   F.3d 265, 269 (9th Cir. 1997).

3        Here, Plaintiff has failed to allege that Defendant's actions failed to "advance legitimate

4   penological goals," *Barnett*, 31 F.3d at 815-16.  In addition, Plaintiff's claims of retaliation fail

5   to provide specific factual allegations linking a Defendant's alleged failure to promptly provide

6   his medication with an action by Plaintiff.   *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937

7   (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the

8   court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

9   Therefore, the Court must sua sponte dismiss Plaintiff's retaliation claims for failing to state a

10  claim upon which relief can be granted

11       **D.     Exhaustion of Administrative Remedies**

12       It further appears, based on the documents Plaintiff has attached to his Second Amended

13  Complaint, that he may not have exhausted his claims that arose while he was incarcerated at

14  Donovan.   The PLRA amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be

15  brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any

16  jail, prison or other correctional facility until such administrative remedies as are available are

17  exhausted." 42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion

18  in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516 (2002). "The

19  'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be

20  entertained," *Booth v. Churner*, 532 U.S. 731, 738 (2001), and "regardless of the relief offered

21  through administrative procedures."   *Id.* at 741.   Moreover, the Supreme Court held in

22  *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006) that "[p]roper exhaustion demands compliance with

23  an agency's deadlines and other critical procedural rules because no adjudicative system can

24  function effectively without imposing some orderly structure on the court of its proceedings."

25  *Id.* at 90. The Court further held that "[proper exhaustion] means ... a prisoner must complete

26  the administrative review process in accordance with the applicable procedural rules . . . as a

27  precondition to bring suit in federal court."   *Id.*

28

1     The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall be
2 *brought* . . . until such administrative remedies as are available are exhausted."   42 U.S.C.
3 § 1997e(a) (emphasis added).   The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d
4 1198 (9th Cir. 2002) holds that prisoners who are incarcerated at the time they file a civil action
5 which challenges the conditions of their confinement are required to exhaust "all administrative
6 remedies as are available" as a mandatory precondition to suit.   *See McKinney*, 311 F.3d at 1198;
7 *see also Perez v. Wis. Dep't of Corrections*, 182 F.3d 532, 534-35 (7th Cir. 1999) ("Congress
8 could have written a statute making exhaustion a precondition to judgment, but it did not.   The
9 actual statute makes exhaustion a precondition to *suit*.") (emphasis original).   Section 1997e(a)
10 "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable
11 requirement.   Exhaustion subsequent to the filing of the suit will not suffice."   *McKinney*, 311
12 F.3d at 1198 (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

13     Plaintiff has submitted documentation of his exhaustion efforts that did not appear to be
14 completed prior to filing this action.   As stated above, Plaintiff must complete the exhaustion of
15 his administrative remedies *before* he brings this action.   *McKinney*, 311 F.3d at 1198.

16     For all these reasons, the Court finds that Plaintiff's Second Amended Complaint must
17 be dismissed sua sponte for failing to state a claim upon which relief can be granted pursuant to
18 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

19 **III.    MOTION FOR TEMPORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTION**
20     **A.    Legal Standard**

21     In order to demonstrate the need for preliminary injunctive relief a party must show:   "1)
22 a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff
23 if preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4)
24 advancement of the public interest (in certain cases)."   *Save Our Sonoran, Inc. v. Flowers*, 408
25 F.3d 1113, 1120 (9th Cir. 2005).   Where a party demonstrates that a public interest is involved,
26 a "district court must also examine whether the public interest favors the plaintiff."   *Fund for*
27 *Animals, Inc. v. Lujan*, 962 F.2d 1391, 1400 (9th Cir. 1992).
28 / / /

**B.      Scope**

In determining the scope of injunctive relief that interferes with the affairs of a state agency, the court must ensure, out of federalism concerns, that the injunction "heel[s] close to the identified violation," *Gilmore v. California*, 220 F.3d 987, 1005 (9th Cir. 2000) (citation omitted), is not overly "intrusive and unworkable ... [and] would [not] require for its enforcement the continuous supervision by the federal court over the conduct of [state officers]." *O'Shea*, 414 U.S. at 500, 501; *see also Armstrong v. Davis*, 275 F.3d 849, 872 (9th Cir. 2001).

As the Ninth Circuit has noted, these concerns have been codified in the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA).  *See Gomez v. Vernon*, 255 F.3d 1118, 1129 (9th Cir. 2001)  (PLRA "has not substantially changed the threshold findings and standards required to justify an injunction.").  The PLRA requires that prospective injunctive relief against a state prison system be "narrowly drawn, extend[ ] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." *Id.* at § 3626(a)(1); *Armstrong*, 275 F.3d at 872.

**C.      Likelihood of Success on the Merits**

Under the first test for a preliminary injunction, the moving party must demonstrate "high probability of success on the merits" of the case. *See Associated Gen. Contractors of California, Inc. v. Coalition for Economic Equity*, 950 F.2d 1401, 1412 (9th Cir. 1991).  As stated above, the Court has ready found Plaintiff's claims to be deficient.  Thus, he cannot meet the threshold burden of a likelihood of success on the merits. Moreover, the claims over which the Court has jurisdiction involve claims that arose in San Diego.  Plaintiff is currently housed in the California State Prison in Lancaster, California.  The Court has no jurisdiction to enter a restraining order against individuals who are not parties to this action.  Nor can the Court issue a restraining order against Defendants they no longer house Plaintiff.

Accordingly, for all the above stated reasons, Plaintiff's Motion for Temporary Restraining Order and Injunctive Relief is  **DENIED**.

/ / /

/ / /

8

1    IV.   **MOTIONS FOR RELIEF FROM JUDGMENT PURSUANT TO Fed.R.Civ.P. 60(b)**

2         Plaintiff has also filed two Motions that he entitles "Motion for Relief from Judgment or

3    Order Rule 60(b)." [ECF Nos. 34, 37].  These Motions both stem from confusion with regard

4    to Plaintiff's filings.  Plaintiff filed a Motion for Appointment of Counsel but also included a

5    caption titling the document "Second Amended Complaint."  Initially Plaintiff's Motion for

6    Appointment of Counsel was stricken and an Order was entered designating the document as

7    Plaintiff's Second Amended Complaint.  However, Plaintiff then filed his actual "Second

8    Amended Complaint" and the Court corrected the previous Order and filed Plaintiff's Motion

9    for Appointment of Counsel.  Therefore, Plaintiff's requests in his two Motions for Relief from

10   Judgment are **DENIED** as moot.

11   **V.   MOTION FOR APPOINTMENT OF COUNSEL**

12        Plaintiff seeks counsel in this matter on the grounds that he has a mental impairment.  The

13   Constitution provides no right to appointment of counsel in a civil case, however, unless an

14   indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social*

15   *Services*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are

16   granted discretion to appoint counsel for indigent persons.  This discretion may be exercised

17   only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

18   "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success

19   on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

20   complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be

21   viewed together before reaching a decision."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d

22   1328, 1331 (9th Cir. 1986)).

23        While Plaintiff alleges he has a mental impairment, he could articulate his claims well

24   enough for the Court to understand that underlying causes of action he seeks to bring.  However,

25   it is clear to the Court that he does not have a likelihood of success on the merits as set forth

26   above.   Moreover, as the Court noted, Plaintiff may not have properly exhausted his

27   administrative grievances prior to bringing these claims and the appointment of counsel could

28   not assist him with that procedural requirement at this stage of the proceedings.

1    Therefore, the Court denies Plaintiff's request without prejudice, as neither the interests

2    of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere*

3    *v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

4    **VI.   CONCLUSION AND ORDER**

5    Good cause appearing, **IT IS HEREBY ORDERED** that:

6    1.    Plaintiff's Motion for Temporary Restraining Order [ECF No. 39], Motions for

7    Relief from Judgment [ECF No. 34, 37], and Motion to Appoint Counsel [ECF No. 28] are

8    **DENIED** without prejudice.

9    **IT IS FURTHER ORDERED that:**

10   2.    Plaintiff's Second Amended Complaint [ECF No. 31] is **DISMISSED** without

11   prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C.

12   § 1915(e)(2)(b) and § 1915A(b).  The Court finds further amendment would be futile. *See Cahill*

13   *v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an

14   abuse of discretion where further amendment would be futile); *see also Robinson v. California*

15   *Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and

16   cannot, state a claim containing an arguable basis in law, this action should be dismissed without

17   leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907

18   (9th Cir. 1996)).

19   **IT IS SO ORDERED.**

20   DATED:  November 8, 2011    _____

21                              HON. IRMA E. GONZALEZ, Chief Judge
                                United States District Court

22

23

24

25

26

27

28