# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE, CDCR # AD-6237, <br><br> Plaintiff, <br><br> vs. <br><br> SAN DIEGO COUNTY SHERIFF'S DEP'T, et al. <br><br> Defendants. | Civil No.   11-0083 IEG (WVG) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** <br><br> **[ECF No. 46]** |

## I. PROCEDURAL HISTORY

On January 14, 2011, Plaintiff, a state inmate currently incarcerated at the California State Prison located in Lancaster, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his original Complaint, Plaintiff alleges that his constitutional rights were violated when he was housed in the San Diego Central Jail. In addition, Plaintiff filed a Motion to Proceed *In Forma* Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a). The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). *See* Mar. 1, 2011 Order at 5-6. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* Plaintiff filed his First Amended Complaint

1 on April 8, 2011.  Plaintiff also filed a number of miscellaneous motions, along with four
2 Motions for Temporary Restraining Order.

3 The Court, once again, screened Plaintiff's First Amended Complaint and ruled on all
4 pending motions. *See* May 17, 2011 Order at 1-8.  The Court took note of the fact that Plaintiff
5 was adding new claims pertaining to allegations arising from the time Plaintiff was incarcerated
6 at the Richard J. Donovan Correctional Facility ("Donovan").  *Id.* at 3.  The Court denied
7 Plaintiff's Motion for Appointment of Counsel, denied his Motions for a Temporary Restraining
8 Order and dismissed his First Amended Complaint for failing to state a claim upon which § 1983
9 relief could be granted.  *Id.* at 8.  Plaintiff, once again, was granted leave to file an Amended
10 Complaint in order to correct the deficiencies of pleading identified by the Court.  *Id.*

11 On August 2, 2011, Plaintiff filed his Second Amended Complaint ("SAC"), along with
12 a renewed Motion for Appointment of Counsel.  Plaintiff also filed a renewed Motion for
13 Temporary Restraining Order, along with two Motions for Relief from Judgment pursuant to
14 FED.R.CIV.P. 60(b).  The Court denied Plaintiff's Motion for Appointment of Counsel, Motion
15 for Temporary Restraining Order, as well as Plaintiff's two Motions for Relief from Judgment.
16 *See* Nov. 8, 2011 Order at 1-10.  In addition, the Court conducted a sua sponte screening of
17 Plaintiff's Second Amended Complaint which was dismissed for failing to state a claim upon
18 which relief could be granted without leave to amend.  *Id.* at 10.

19 Plaintiff has now brought a "Motion to Alter or Amend Judgment" pursuant to Federal
20 Rules of Civil Procedure 59(e) [ECF No. 46].

21 **II.    PLAINTIFF'S MOTION**

22 **A.    Grounds**

23 Plaintiff seeks reconsideration pursuant to Rule 59 of the Federal Rules of Civil
24 Procedure of the Court's November 8, 2011 Order dismissing his Second Amended Complaint
25 for failing to state a claim.  (*See* Pl.'s Mot. [ECF No. 46] at 1-4.).  Specifically, Plaintiff claims
26 that Defendants were deliberately indifferent to his serious medical needs, they discriminated
27 and relatiated against him, and they impeded his ability to exhaust his administrative remedies.
28 (*Id.* at 1-2.)

### B. Standard of Review

If a motion to reconsider is filed within [28] days of the district court's order on the motion to strike and/or dismiss, the court will treat the motion as a Rule 59(e) motion.[1] *Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) (citing *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005)). A Rule 59(e) motion is properly granted "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003). This type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 526 (9th Cir. 1983)). Most significantly in relation to Plaintiff's case, "motions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997) (rejecting "after thoughts" and "shifting of ground" as appropriate grounds for reconsideration under FED.R.CIV.P. 59(e)).

### C. Application to Plaintiff's Case

First, Plaintiff challenges the Court's findings that he failed to state an Eighth Amendment deliberate indifference to a serious medical need claim. Plaintiff's alleged in his Second Amended Complaint that jail officials were often untimely by one to three days in providing him with "embrel" injections. (SAC at 3.) The Court found that Plaintiff's claims of a "pattern of negligence" did not rise to the level of a constitutional violation. (*See* Nov. 8, 2011 Order citing Pl.'s SAC at 3.) Plaintiff argues in his Motion that the Court should have found this "course of neligence" to rise to the level of deliberate indifference. (Pl.'s Mot. at 6.) However, as the Court found, "inadequate treatment due to malpractice, or even gross negligence does not amount to a constitutional violation." *Estelle v. Gamble*, 429 U.S. 97, 106; *Wood v.*

---

[1] Federal Rules of Civil Procedure 59(b) and 59(e) provide that the time for filing a motion for new trial or to alter or amend a judgment must be filed "no later than 28 days after the entry of the judgment." FED.R.CIV.P. 59(b), (e).

*Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Plaintiff has not shown how the Court's conclusion was "clear error" or "manifestly unjust." *Dixon*, 336 F.3d at 1022.

Plaintiff also objects to the Court's dismissal of Sheriff Kolender and Warden Neotti on grounds of respondeat superior. "A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constituiton." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009). Here, in Plaintiff's Motion, he argues that "directly notified" both Kolender and Neotti but offers no other specific facts as to how they violated his constitutional rights. (*See* Pl.'s Mot. at 7-8.) He seems to suggest that he contacted both of these Defendants through the grievance process but does not supply any facts to show that either of these Defendants were actually aware of the claims made by Plaintiff. Again, Plaintiff has not shown how the Court's conclusion was "clear error" or "manifestly unjust." *Dixon*, 336 F.3d at 1022.

Plaintiff further claims that the Court should have permitted him to proceed on his Americans with Disabilities Act ("ADA"). It was not clear to the Court that Plaintiff was attempting to allege these claims in his Second Amended Complaint but even if that was his intent, he did not allege any facts to support such a claim. The Americans with Disabilities Act, 42 U.S.C. § 12132, applies in the prison context. *See* 42 U.S.C. § 12131(1)(B); *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206 (1998) (holding that state prisons fall squarely within the ADA's Title II's statutory definition of "public entity," which includes "any ... instrumentality of a State ... or local government.")

In order to state a claim under Title II of the ADA, however, a plaintiff must allege:

> (1) he 'is an individual with a disability;' (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v. Davis*, 295 F.3d

890, 895 (9th Cir. 2002) (per curiam)).

Assuming Plaintiff was able to allege a disability that is covered by the ADA, Plaintiff must also be able to allege facts sufficient to show that he was discriminated against *because* of his physical disability. There are no allegations that Plaintiff was discriminated against because of his alleged disability. *See Simmons v. Navajo County, Ariz.* 609 F.3d 1011, 1022 (9th Cir. 2010). There are simply no factual allegations to support an ADA claim in Plaintiff's Second Amended Complaint.

Finally, Plaintiff objects to the Court's conclusion that Plaintiff may not have properly exhausted his administrative grievances prior to bringing this action as required by 42 U.S.C. § 1997e. The Court did not dismiss on those grounds, thus no modification as to those findings is necessary.

Federal Rule of Civil Procedure 59(e) does not permit reconsideration merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright & Arthur R. Miller *Federal Practice & Procedure* 2d § 2858 (Supp. 2009) (citing *Edwards v. Velvac, Inc.*, 19 F.R.D. 504, 507 (D. Wis. 1956)). Accordingly, Plaintiff's Motion to Alter or Amend its November 8, 2011 Order must be denied. *See* FED.R.CIV.P. 59(e).

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Alter or Amend Judgment [ECF No. 46] pursuant to FED.R.CIV.P. 59(e) is **DENIED**.

2. The Court **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED.**

DATED: December 15, 2011

_____
HON. IRMA E. GONZALEZ, Chief Judge
United States District Court